# GOVAN *v.* WILEY.

### WILLS.

Specific legacies bequeathed to the grandniece and grandnephew of a testatrix by her will which, in a separate paragraph, makes the sister of the testatrix and the grandmother of the legatees one of the residuary legatees, are not affected by a codicil revoking the bequest made in such paragraph to the sister and her children, "intending by this revocation, my said sister being dead, that no descendant of hers shall take any part of my estate," followed by a clause giving and devising to another "the share my said sister would have taken."

No. 897.   Submitted June 6, 1899.   Decided June 9, 1899.

HEARING on an appeal by the complainant from a decree in a suit in equity by an executor for the construction of a will.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edmund French* for the appellant:

1. The general principle governing the construction of wills, as fully settled by authority, is this, viz.: In construing a will the object of the court is to ascertain, not the

intention simply, but the expressed intention of the testator, *i. e.*, the intention which the will itself, either expressly or by implication, declares (which is the same thing), the meaning of the words of the will, properly interpreted, conveys. *Hancock's Appeal*, 112 Pa. St. 532; Hawkins, Wills, 1; *Shone* v. *Wilson*, 9 Cl. & F. 525; *Collision* v. *Girling*, 4 Myl. & Cr. 63; *Weidman's Appeal*, 42 Leg. Int. 338.

In *Abbott* v. *Middleton*, 7 H. L. C. 68, Lord Cranworth says: "It is not the duty of a court of justice to search for the testator's meaning otherwise than by fairly interpreting the words he has used." See, also, Hawkins on Wills, 2d Ed.

2. Not what the court thinks, but what the court thinks testatrix thought when she made the codicil, is the key to the situation, taking into consideration at the same time the expressed intention. The interpretation of a will must be made from a consideration of the whole instrument, and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed. *Colton* v. *Colton*, 129 U. S. 300.

3. In the construction of ambiguous expressions, the situation of the parties may very properly be taken in view. The ties which connect the testator with his legatees, the affection subsisting between them, the motives which may reasonably be supposed to operate with him, and to influence him in the disposition of his property, are all entitled to consideration in expounding doubtful words and ascertaining the meaning in which testator used them. *Smith* v. *Bell*, 6 Pet. 68. This reasoning applies with equal force to unambiguous phrases placed in positions which cause doubt because of their situation.

*Mr. Henry P. Blair* and *Mr. Corcoran Thom* for the appellees:

In accordance with the well determined principle of construction of testamentary papers, that the last expression of

intention is to govern, it follows that clause eight is affirmed by the last expression of intent made by the testatrix in her codicil. See *Homer* v. *Brown*, 16 How. 354; *Johns Hopkins University* v. *Pinckney*, 55 Md. 365; *Buchanan* v. *Loyd*, 64 Md. 306; *Quincy* v. *Rogers*, 9 Cush. 291; *Cloeburey* v. *Beckett*, 14 Beav. 583.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree passed on a bill filed by William J. Govan, executor of the estate of Fannie M. Gilbert, deceased, to obtain a construction of the will, and codicil thereto, of the testatrix.

The defendants, Fannie T. and Louis A. Wiley, are the grandchildren of Mary A. Wiley, deceased, and grandniece and grandnephew, respectively, of the testatrix.

The will, executed June 16, 1896, contains seventeen items bequeathing legacies to the persons therein named. Item 8 reads thus: "To my grandniece Fannie T. Wiley, $300. To my grandnephew Louis A. Wiley, $300.

The residue of the estate is disposed of in item 18 as follows:

"18. To my three sisters, Mary A. Wiley, Amanda M. Eaton, and Kate C. Bartlett, equally, I give and bequeath all the rest and residue of my personal property, trusting to them to give out of my clothing, pictures and ornaments such tokens of my regard as they think proper to any of my friends or relations. In case of the death of either of my brothers or sisters before my death, leaving a child or children, such share to go to surviving child or children."

June 6, 1897, the following codicil was executed:

"I, Fannie M. Gilbert, do make, publish and declare this first codicil to my last will and testament, dated the 16th day of June, 1896. I hereby revoke and annul the gift and bequest made in paragraph 18 of my said will to my sister, Mary A. Wiley, and her child or children, her surviving, intending by this revocation, my said sister being dead,

that no descendant of hers shall take any part of my estate, and in lieu of said bequest I give and devise the share of which my said sister would have taken had she lived, to my sister, Mrs. Amanda C. Eaton, or should she not be living at the date of my death, to her daughter, Kate C· Govan."

Then, " in addition to the various bequests made by me in my said will," follow five bequests, chiefly of small sums, and the instrument concludes with these words: " In all other respects I affirm my said last will and testament."

Both will and codicil were admitted to probate in the District of Columbia, where the testatrix resided at the time of her decease.

The contention of the executor is that this codicil revokes not only item 18 aforesaid, but also item 8, under which the legacies are claimed by the appellees. It is founded on the meaning claimed for the parenthetical clause of the sentence expressly revoking item 18, " intending by this revocation, my said sister being dead, that no descendant of hers shall take any part of my estate."

The words, " this revocation," as here used, can reasonably apply to the specific revocation, made in the first clause of the same sentence, of item 18, and nothing more.

This is made plainer by the words which follow the clause quoted above: "And in lieu of said bequest I give and devise the share of which my said sister would have taken had she lived, to," etc.

We agree with the court below in the conclusion that the codicil is fully satisfied by the revocation of item 18 of the will, and that the legacies to the appellees are unaffected thereby.

The decree will therefore be affirmed, with costs, chargeable to the estate. It is so ordered.      *Affirmed.*